IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRONTENAC INTERNATIONAL, S.A.,   *

   Plaintiff,   *

   v.   *   Civil Action No. RDB-13-00122

GLOBAL MARKETING SYSTEMS, JLT,   *
GLOBAL MARKETING SYSTEMS, INC.,
PROVIDENCE SHIPPING CORP.   *

   Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Frontenac International, S.A. ("Frontenac") has brought this action against Defendant Providence Shipping Corporation ("Providence") seeking the recognition, confirmation and enforcement of the Final Award As To Costs ("Costs Award") issued in its favor against Providence by the London Maritime Arbitrators' Association ("LMAA") on November 28, 2012.[1] Plaintiff also petitions the enforcement of the Costs Award against Defendants Global Marketing Systems, JLT ("GMS JLT") and Global Marketing Systems, Inc. ("GMS Inc.") as trade names, aliases, alter egos, paying agents, receiving agents or joint venturers of Defendant Providence. Specifically, Frontenac seeks to recover approximately $63,330 in costs assessed in its favor by the arbitrator.[2] Essentially, Plaintiff contends in this action that this award for costs against the Defendant Providence should also be assessed by

---

[1] Frontenac does not seek the enforcement of the Final Award issued against Defendant Providence in its favor on August 20, 2012. The awarded amount was placed in escrow in anticipation of arbitration and Frontenac has since been able to recover it. *See* Pl.'s Mem. in Opp. of Mot. to Dismiss 9, ECF No. 14.
[2] According to the Costs Award, Frontenac is entitled to £38,000 in arbitration costs and £1,485 in award costs, which Frontenac contends represents approximately $63,330.

this Court against Defendants GMS JLT and GMS Inc. Plaintiff further contends that service of process of this Petition upon Global Marketing Systems, Inc. ("GMS Inc."), a Maryland corporation, is sufficient process upon GMS JLT and Providence, neither of which have filed an Answer or responded to this action.[3]

Pending before this Court is Defendant GMS Inc.'s Motion to Dismiss Plaintiff's Petition to Recognize, Confirm and Enforce Foreign Arbitral Award (ECF No. 8) pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure. Also pending is Plaintiff Frontenac's Motion for Leave to Amend Petition to Enforce the Award (ECF No. 15). This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §§ 201-208.[4] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant GMS Inc.'s Motion to Dismiss (ECF No. 8) is GRANTED. Plaintiff's Motion for Leave to Amend Petition (ECF No. 15) is DENIED.

BACKGROUND

In the context of a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true the facts alleged in the plaintiff's' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). According to the Petition, Plaintiff Frontenac International S.A.

---

[3] The Summons issued as to Defendants Providence and GMS JLT were both mailed to GMS Inc.'s Resident Agent in Cumberland, Maryland. There has been no other effort at service of process upon Providence or GMS JLT.
[4] As discussed more fully below, Frontenac and Providence have their principal places of business in Panama, GMS JLT has its principal place of business in the United Arab Emirates ("UAE"), and GMS Inc.'s principal place of business is located in Cumberland, Maryland. The United States and Panama are signatories of the New York Convention. *See* 21 U.S.T. 2517. As of August 21, 2006, the UAE is also a party to the New York Convention. http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

("Frontenac") and Defendant Providence Shipping Corporation ("Providence") are both corporations organized under the laws of a foreign country and with their principal places of business in Panama. Pl.'s Pet. ¶¶ 7-8, ECF No. 1. Defendant Global Marketing Systems, JLT ("GMS JLT") is a corporation allegedly organized under the laws of a foreign country with its principal place of business in the United Arab Emirates. *Id.* ¶ 9. Frontenac alleges that Defendant Global Marketing Systems, Inc. ("GMS Inc."), a corporation organized under the laws of Maryland with its principal place of business in Cumberland, Maryland, is the parent or affiliate of respondent GMS JLT. *Id.* ¶ 10; Pl.'s Pet., Ex. 1. Frontenac further alleges that Defendants Providence and GMS JLT "are trade names, aliases, alter egos, paying agents, receiving agents, and/or joint venturers of respondent GMS INC." Pl.'s Pet. ¶ 11.

Plaintiff Frontenac was the owner of a vessel known as the M/V Atlantic Leader ("Atlantic Leader"). *Id.* ¶ 7. On September 15, 2011, Frontenac and Defendant Providence entered into a Memorandum of Agreement ("MOA") for the purchase of the Atlantic Leader. *Id.* ¶ 8. A couple of days later, Defendant GMS JLT issued a guarantee of Providence's performance under the MOA. *Id.* ¶¶ 9-15. Shortly thereafter, a dispute arose under the MOA concerning the value of the Atlantic Leader. *Id.* ¶ 18. Clause 18 of the MOA specified that "any dispute or differences arising out of or in connection with this Agreement . . . shall be referred to arbitration in London . . . [and] conducted in accordance with the London Maritime Arbitrators' Association ("LMAA") Terms." *Id.* ¶ 17; MOA ¶ 18, ECF No. 14-6. Accordingly, Frontenac and Providence commenced arbitration proceedings in London before a mutually elected arbitrator of the LMAA. *Id.* On August 20, 2012, the

arbitrator issued a Final Award in favor of Frontenac in the amount of $475,000. *Id.* ¶ 20; Final Award, ECF No. 1-5. Subsequently, on November 28, 2012, the arbitrator issued a Final Award As To Costs ("Costs Award") in favor of Frontenac in the amount of £38,000 in arbitration costs and £1,485 in award costs, which allegedly represents approximately $63,330. Pl.'s Pet. ¶¶ 21-22; Costs Award ¶¶ 1-2; ECF No. 1-6. Frontenac has since been able to recover the $475,000 due under the Final Award as the awarded amount had been placed in escrow in anticipation of arbitration. Pl.'s Mem. in Opp. of Mot. to Dismiss 9, ECF No. 14.

On January 11, 2013, Frontenac filed the present action seeking to recognize, confirm and enforce the Costs Award in the approximate amount of $63,330 against Defendant Providence (Count I) as well as Defendants GMS JLT and GMS Inc. as "trade names, aliases, alter egos, paying agents, receiving agents, or joint venturers of Providence" (Count II). While Defendant GMS Inc. has filed the pending Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure, Defendants GMS JLT and Providence have not acknowledged service of process, filed an answer or filed any responsive pleadings.[5]

---

[5] Frontenac has indicated that it intends to seek a default against Defendants Providence and GMS JLT. Pl.'s Mem. in Opp. to Mot. to Dismiss 1, ECF No. 14. However, Defendant GMS Inc. argues that Plaintiff's service on those corporations via GMS Inc.'s Registered Agent was ineffective as they are neither registered in Maryland nor do they maintain an agent for service of process in Maryland or for that matter in the United States. Mem. of Law in Supp. of Mot. to Dismiss 7 n.1, ECF No. 9. For the reasons that follow in this Memorandum Opinion, this case shall be DISMISSED as to all Defendants.

STANDARD OF REVIEW

I.  **Rule 12(b)(2) Motion**

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving grounds for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). This requires the plaintiff to produce competent evidence to sustain jurisdiction. *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 235 (D. Md. 1992). If the court is deciding the issue without a hearing, the plaintiff is only required to make a *prima facie* showing of jurisdiction. *Mylan*, 2 F.3d at 60. In considering "all relevant pleading allegations in the light most favorable to the plaintiff," the court must draw all "reasonable inferences" from the proof offered by the parties in the plaintiff's favor. *Id.* at 60-62.

A federal district court may exercise personal jurisdiction over a nonresident defendant "if two conditions [are] satisfied: (1) the exercise of jurisdiction must be authorized under the state's long arm statute; and (2) the exercise of the jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)); *see also Mackey v. Compass Mktg.*, 892 A.2d 479, 486 (Md. 2006). The Court of Appeals of Maryland recently reiterated that "[d]etermination of personal jurisdiction is a two-step process. First, the requirements under the long-arm statute must be satisfied, and second, the exercise of personal jurisdiction must comport with due process." *Mackey*, 892 A.2d at 486; *see also id.* at 493 n.6 (explaining that the court's prior statements that "our statutory inquiry merges with

5

our constitutional examination" does not "mean . . . that it is now permissible to simply dispense with analysis under the long-arm statute"). Thus, a plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." *Ottenheimer Publishers, Inc., v. Playmore Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 7104 n. 1 (D. Md. 2004). In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state that requiring it to defend itself within the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

## II. Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

ANALYSIS

Defendant Global Marketing Systems, Inc. ("GMS Inc.") contends that this action must be dismissed because a Petition to Confirm an Arbitration Award is not the

7

appropriate action under which to bring alter ego claims.[6] Additionally, GMS Inc. contends that this Court should also dismiss this action because it lacks personal jurisdiction as to both Defendants Providence Shipping Corporation ("Providence") and Global Marketing Systems, JLT ("GMS JLT"). In response, Plaintiff Frontenac International S.A. ("Frontenac") argues that "[t]he Court's personal jurisdiction over [GMS Inc.] is the linchpin for personal jurisdiction over GMS JLT and Providence," and that it has sufficiently alleged an alter ego or joint venture relationship among the Defendants. Mem. in Opp. to Mot. to Dismiss 21, ECF No. 14.

Whether a district court may pierce an alleged corporate veil during a confirmation action to enforce an arbitration award against a nonparty is an issue of first impression in this Court. The United States District Court for the Middle District of North Carolina appears to be the only court to have addressed this issue in this circuit. *See Investor Relations Servs., Inc. v. Michele Audio Corp. of Am.*, No. 1:04CV0565, 2006 WL 2571028 (M.D.N.C. July 29, 2006). In fact, apart from the United States Court of Appeals for the Second Circuit, no other appellate court appears to have addressed this specific issue.[7]

---

[6] GMS Inc. further argues that Plaintiff has failed to sufficiently allege that GMS Inc. is an alter ego of Defendant Providence Shipping Corporation ("Providence").

[7] Nevertheless, other appellate courts have dealt with related issues. *See, e.g., First Inv. Corp. of the Marshall Island v. Fujian Mawei Shipbuilding Ltd.*, 703 F.3d 742, 744, 748-52 (5th Cir. 2012) (holding that a "court may dismiss a petition to confirm a foreign arbitration award for lack of personal jurisdiction under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards"); *NRC Corp. v. SAC-CO, Inc.*, 43 F.3d 1076, 1080-81 (6th Cir. 1995) (affirming the district court's decision to vacate an award for punitive damages issued by an arbitrator against nonparties); *Transp. Cybernetics, Inc. v. Forest Transit Comm'n*, 950 F.2d 350, 354 (7th Cir. 1991) (refusing to take a position on the application of the Second Circuit rule to the Seventh Circuit); *Tanoma Mining Co. v. Local Union No. 1269*, 896 F.2d 745, 750 (3d Cir. 1990) (distinguishing the case from those in which district courts sought to enforce an arbitration award against a nonparty); *Int'l Bhd. of Elec. Workers, Local Union No. 332 v. Hyland Wilson Elec. Contractors, Inc.*, 881 F.2d 820, 821 (9th Cir. 1989) (reversing a district court's decision to impose individual liability upon shareholders for an arbitration award issued against a corporation of which they were principal shareholders); *Int'l Bhd. of Elec. Workers, Local No. 265 v. O.K. Electric Co.*, 793 F.2d 214, 216 (8th Cir. 1986) (holding that an arbitration award

In *Orion Ship & Trading Co. v. Eastern States Petroleum Corp. of Panama, S.A.*, the Second Circuit held that "an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil.'" 312 F.2d 299, 301 (2d Cir. 1963). This case involved a similar fact pattern whereby a plaintiff sought the enforcement of an arbitration award against a nonparty to the award on the basis that it was the alleged alter ego of the party against which the award was issued. *Id.* The Second Circuit also held that the purpose of a "confirmation action under 9 U.S.C. § 9 is simply to determine whether the arbitrator's award falls within the four corners of the dispute as submitted to him." *Id.* The court further noted that it would "unduly complicate and protract the proceeding were [it] to be confronted with a potentially voluminous record setting out details of the corporate relationship between a party bound by an arbitration award and its purported 'alter ego.'" *Id.*

In applying this decision, the United States District Court for the Southern District of New York has created two exceptions to the rule. First, it has held that *Orion* does not apply if the "claim to pierce the corporate veil can be construed as a separate action." *Overseas Private Inv. Corp. v. Marine Shipping Corp.*, No. 02 Civ. 475TPG, 2002 WL 31106349, at *3 (S.D.N.Y. Sept. 9 2002) (citing *Sea Eagle Maritime, Ltd. v. Hanan Int'l Inc.*, No. 84 Civ. 3210, 1985 WL 3828, at *2 (S.D.N.Y. Nov. 14, 1985)). In *Sea Eagle*, the court noted that the complaint specified "two grounds for subject matter jurisdiction: Federal Arbitration Act, . . . and 28 U.S.C. § 1333 (general admiralty and maritime jurisdiction)."[8] 1985 WL 3828, at *2.

---

is not enforceable against an employer who was not a party to the collective bargaining agreement, the grievance proceedings or the arbitration).

[8] This Court notes that Frontenac has also alleged 28 U.S.C. § 1333 as a basis for this Court's exercise of subject matter jurisdiction. GMS Inc. disagrees based on the long established principal that "admiralty has no jurisdiction over contracts for the sale of a ship." *Flota Maritima Browning De Cuba, S.A. v. The Ciudad de la Habana*, 181 F. Supp. 301, 307 (D. Md. 1960), *aff'd*, 335 F.2d 619 (4th Cir. 1966). As discussed below, even if

The court therefore concluded that as long as the personal jurisdiction requirement was met as to all defendants, the "action could thus be construed as a separate action to enforce the arbitration award against nonparties." *Id.* Second, "a claim of piercing the corporate veil [can] be entertained if it would not unduly complicate the action of the court with respect to the arbitration award." *Overseas*, 2002 WL 31106349, at * 3 (citing *District 15, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Numberall Stamp & Tool Co.*, No. 85 Civ. 8561, 1987 WL 19285, at *1 (S.D.N.Y. Oct. 28, 1987) (Kram, J.)). In a later opinion, Judge Kram defined a 'complex' case as "a case in which the Court must delve into the details of the corporation relationship between a party and a non-party." *Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc.*, No. 92 Civ. 7916, 1993 WL 362391, at *9 (S.D.N.Y. Sept. 14, 1993), *aff'd in part, remanded in part on other grounds*, 23 F.3d 41 (2d Cir. 1994) (refusing to apply *Orion* where the nonparty conceded that it had acquired the party against which the arbitration award was issued and therefore holding that the nonparty was contractually bound to the award).

It is important to note that in all of these cases the courts had personal jurisdiction over the party against which the award was entered and in fact confirmed the award against that party. *See Overseas*, 2002 WL 31106349, at *3; *Productos*, 1993 WL 362391, at *1; *Sea Eagle*, 1985 WL 3828, at *1. Similarly, the United States District Court for the Northern District of Illinois applied the *Orion* line of cases to deny a motion to dismiss a confirmation action by alleged alter ego defendants where it had jurisdiction (1) to confirm the award against the party to the award; and (2) over its alleged alter ego defendants. *Generica Ltd. v.*

---

this exception to the *Orion* rule were applicable, this Court does not reach this issue in light of its lack of personal jurisdiction over Defendant *Providence*.

10

*Pharm. Basics, Inc.*, No. 95 C 59 35, 1996 WL 535321, at *8-9 (Sept. 18, 1996). In adopting a Magistrate Judge's Order and Recommendation, the Middle District of North Carolina rejected the *Orion* rule that alter ego claims could not be addressed in award confirmation actions. *Investor Relations Servs.*, 2006 WL 2571028, at *5, 6. Nevertheless, that court first confirmed the award against the party to the arbitration before denying the motion to dismiss filed by the alleged alter ego. *Id.* Here again, there was no issue as to the exercise of personal jurisdiction over the party against which the award was issued. *Id.* Notably, the court stated that a "showing that the corporate veil should be pierced" with regard to the alleged alter ego was required in order to enforce the award against it. *Id.* at *6.

As previously stated, this Court has subject matter jurisdiction over this case pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §§ 201-208.[9] However, the United States Court of Appeals for the Fourth Circuit has held that "while the [New York] Convention confers subject matter jurisdiction over actions brought pursuant to [it], it does not confer personal jurisdiction when it would not otherwise exist." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212 (4th Cir. 2002). Moreover, the United States Court of Appeals for the Fifth Circuit recently held that a court must have personal jurisdiction to confirm a foreign arbitration award under the New York Convention. *See First Inv. Corp. v. Fujian Mawei Shipbuilding Ltd.*, 703 F.3d 742, 748-52 (5th Cir. 2012) (affirming a district court's decision to dismiss a confirmation petition against parties to an arbitration award over which it did not have

---

[9] *See supra* n. 4.

11

personal jurisdiction). Additionally, the *Orion* line of cases discussed above indicates that while there are exceptions to the rule that actions for the confirmation of arbitration awards are not appropriate for the piercing of the corporate veil, the court must still have personal jurisdiction to confirm the award as to the party against which the award was issued before determining whether to pierce the corporate veil as to the alleged alter ego.

Defendant Providence is the only party against which the Costs Award was issued. As mentioned above, Providence is a corporation organized under the laws of a foreign country with its principal place of business in Panama. Where a court decides the issue of personal jurisdiction without an evidentiary hearing, "plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). A *prima facie* showing of personal jurisdiction requires sufficient allegations as to the authorization of the exercise of jurisdiction (1) "under the state's long arm statute; and (2) . . . [under the] due process requirements of the Fourteenth Amendment." *Id.* (citing *Christian Sci. Bd. of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)). Thus, a plaintiff must "identify a specific Maryland statutory provision authorizing jurisdiction." *Ottenheimer Publishers, Inc., v. Playmore Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 7104 n. 1 (D. Md. 2004). In order for the exercise of personal jurisdiction to comport with due process, a non-resident defendant must have sufficient "minimum contacts" with the forum state that requiring it to defend itself within the forum

state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

Although Frontenac contends that the alter ego relationship between Providence and GMS Inc. is the "linchpin" for personal jurisdiction over Providence, the precedent clearly indicates that the award must first be confirmed as to Providence before Frontenac can seek to pierce an alleged corporate veil with respect to GMS JLT and GMS Inc. Frontenac has failed to allege that the exercise of personal jurisdiction over Providence is permitted under the state's long arm statute. Moreover, Frontenac's allegations as to Providence demonstrate that it does not have any minimum contacts with Maryland. Instead, Frontenac's allegations present a more "complex" scenario than the one contemplated in the second *Orion* exception as it would require the Court to "delve into the details of the corporation relationship between a party and a non-party" to make an initial determination as to personal jurisdiction prior to confirming the award. *Productos*, 1993 WL 362391, at *9. Accordingly, Plaintiff has not alleged any basis to support this Court's exercise of personal jurisdiction over Defendant Providence. Without any personal jurisdiction over Providence, this Court cannot confirm the Costs Award against it, nor against the alleged alter egos Global Marketing Systems, JLT ("GMS JLT") and Global Marketing Systems, Inc. ("GMS Inc."). Thus, Defendant GMS Inc.'s Motion to Dismiss is GRANTED.

In moving to amend its Petition, Frontenac does not allege facts which cure this Court's lack of personal jurisdiction over Providence. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," the Fourth Circuit has held that leave should be denied when amending the

13

pleading "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming Inc.*, 637 F .3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("Because [the] proposed amended complaint does not properly state a claim under FED. R. CIV. P. 12(b)(6) . . ., we find the district court correctly determined that further amendment would be futile."). The proposed Amended Petition fails to adequately allege facts that would permit this Court's exercise of personal jurisdiction over Providence. Accordingly, it is futile and the Plaintiff's Motion for Leave to Amend is DENIED.

## CONCLUSION

For the reasons stated above, Defendant Global Marketing Systems, Inc.'s Motion to Dismiss (ECF No. 8) pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure is GRANTED. Additionally, Plaintiff Frontenac International S.A.'s Motion for Leave to Amend Petition to Recognize, Confirm, and Enforce Foreign Arbitral Award (ECF No. 15) is DENIED.

A separate Order follows.

Dated:  June 11, 2013  /s/_____
  Richard D. Bennett
  United States District Judge

14